The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District Miller County Courthouse Texarkana, AR 75502
Dear Mr. Haltom:
This is in response to Deputy Prosecuting Attorney Carlton D. Jones' request for my review, pursuant to the Interlocal Cooperation Act (A.C.A. § 25-20-104 (Repl. 1992)), of an agreement to be entered between Miller County, Arkansas and the cities of Texarkana, Fouke, and Garland. I have been asked to advise whether the agreement is in proper form and compatible with the laws of this state. See A.C.A. § 25-20-104(f)(1).
It is my opinion that the submitted agreement is not governed by the Interlocal Cooperation Act. Thus, my review and approval is not necessary. As noted in the proposed agreement, municipalities and counties are authorized under A.C.A. § 26-74-214(b)(2) (Cum. Supp. 1991) to enter into "interlocal agreement[s]" whereby a sales tax distribution formula other than per capita is agreed upon. The title to the act establishing this alternative distribution makes it clear that the intent was to allow for distribution per the formula agreed upon by the cities and county. See Acts 1989 (3rd Ex. Sess.), No. 61.
The Interlocal Cooperation Act, on the other hand, authorizes agreements for "joint cooperative action" (A.C.A. §25-20-104(b)), and contemplates a "joint or cooperative undertaking," with a budget and a separate legal or administrative entity, or an administrator or joint board (A.C.A. § 25-20-104(c) and (d)). It is my opinion that the general reference in § 26-74-214(b)(2) to an "interlocal agreement" does not incorporate these provisions. While the different distribution formula may result in increased payments by the cities for county services or facilities, there is, in my opinion, no joint undertaking or particular governmental organization to effect a joint undertaking, (see § 25-20-102), such as is contemplated under the Interlocal Cooperation Act. This office has previously opined that the Interlocal Cooperation Act does not apply to an agreement between governmental units that essentially involves the provision of and payment for services. See Op. Att'y Gen. 88-274 and 92-180.[1]
It is therefore my opinion that my approval of an agreement entered under § 26-74-214(b)(2) is not necessary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Although reference was made to the Interlocal Cooperation Act in a prior opinion (Op. Att'y Gen. 92-197) involving the levy and distribution of a sales tax under a county ordinance and resolution, the precise question involving the direct application of the Act was not addressed. It was clear in that instance that there was no agreement on the part of the city officials to the proposed distribution. To the extent that Opinion 92-197 infers that the Interlocal Cooperation Act applies to agreements entered under A.C.A. § 26-74-214(b), it is hereby amended.